UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES MILSTEAD** | * | CIVIL ACTION NO.  09-6301 |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | SECTION F; MAGISTRATE 4 |
| | * | |
| **TOTAL WIRELINE SERVICES, INC.** | * | |
| | * | JURY DEMANDED |
| *Defendant* | * | |

\* \* \* \* \* \* \*

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMEN
FILED BY TOTAL WIRELINE SERVICES, INC. PURSUANT TO FRCP 56</u>**

**MAY IT PLEASE THE COURT:**

Defendant, TOTAL WIRELINE SERVICES, INC., through undersigned counsel, submits this memorandum in support of its Motion for Summary Judgment pursuant to FRCP 56 in which defendant seeks dismissal of all of the claims of plaintiff James Milstead, with full prejudice and at his cost, because plaintiff was not a Jones Act seaman at the time of his alleged injury.

1

### I.     Depositions, affidavits and documents

The depositions, affidavits and documents attached to the Motion for Summary Judgment filed by TOTAL WIRELINE SERVICES, INC. are incorporated herein as if copied in their entirety. The sworn affidavit of Perry P. Perrin is attached as Exhibit "1." The TWS Daily Charges (consisting of 3 pages) is attached as Exhibit "2". Exhibit "3" is the Deposition of James Milstead.

### II.    Background

On September 15, 2009, James Milstead, a temporary worker, filed a seaman's Jones Act suit against his former employer, Total Wireline Services, Inc., asserting a cause-of-action for liability (negligence under the Jones Act, Title 46 U.S.C. §30104, et seq, *a*nd incorporated provisions of the Federal Employer Liability Act, Title 45 U.S.C. §51, et seq.), unseaworthiness of defendant's vessels (general maritime law), maintenance and cure (including entitlement, maximum medical improvement, quantum and necessity), and damages. Plaintiff's suit is based on his allegation that he was injured on September 16, 2008.

Total Wireline Services, Inc. ("TWS") filed an answer to plaintiff's original and supplemental and amending petitions pleading affirmative defenses and denying plaintiff's allegations.

## III.  FACTS

Defendant Total Wireline, Inc. ("TWS") is a Louisiana corporation authorized to do and doing business in the State of Louisiana.  Perry P. Perrin was the owner of TWS during October 2008.[1]  The records of TWS show that, during the period of time beginning in April of 2008 and ending in December of 2008, James Milstead worked for it on September 15 - 17, 2008.[2]

On September 15 - 17, 2008, TWS was working on a clean-up job for Ascent Operating LP ("Ascent"), an oil and gas production company.  The clean-up job involved removing debris caused by a hurricane that had hit the area ("Work").[3]  Under the contract between Ascent and TWS, TWS provided roustabouts to do the Work in the southern area of Lafourche Parish, Louisiana.[4]

James Milstead was a person hired by TWS to work as a roustabout doing the Work for Ascent.  James Milstead's job as a roustabout was to "do whatever needed to be done" to accomplish the Work.  Between September 15, 2008 and September 17, 2008, the Work was being directed by a representative of Ascent.  He was not assigned as a member of the crew to a vessel owned or controlled by

---

[1] Exhibit "1", Affidavit of Perry P. Perrin.
[2] Exhibit "2", TWS Daily Charges (consisting of 3 pages)
[3] Exhibit "1", Affidavit of Perry P. Perrin
[4] Id.

3

TWS. He performed his job as a roustabout at various locations on land, on platforms built on pilings driven into land or the bottoms of inland bodies of shallow water, or simply incidentally on a vessel. He was transported from work location to work location by means of a small outboard-powered aluminum boat provided and controlled by Ascent.[5] The outboard-powered boat in which James Milstead rode as a passenger was not owned by TWS.[6] James Milstead did not perform any navigation or other duties on the outboard-powered boat.

James Milstead says that on September 16, 2008 at one of the locations where he worked that there was a living quarters that was laid over and they were pumping it out. He said that when he arrived at the location of the living quarters it was already connected by a cable to a liftboat.[7] He got to that location by riding with the company man[8] in an outboard at about 10:00 o'clock, a.m.[9] During the time that James Milstead was working on or near the liftboat, he said that it was spudded down. He was not brought to the liftboat to run the vessel.[10] He said that he tripped about 15 minutes after arriving at the location of the living quarters.[11]

---

[5] Exhibit "1", Affidavit of Perry P. Perrin
[6] Id.
[7] Exhibit "3", Deposition of James Milstead, p. 31 – 32, ll 24 - 1
[8] Id, p. 32, ll 15 - 16
[9] Id, p. 31, ll 20 - 21
[10] Id., p. 58 – 59. ll 22 - 5
[11] Id., p. 36, ll 12 – 16.

4

He said that he stayed at that location about an hour.[12]  After he left the location of the living quarters, he rode around in the outboard, cleaned up a little shed, a little pumping station shed, and all the debris there.[13]  He also went in a little boat[14] from location to location trying to clean up the debris and the oil.[15]

James Milstead said that he worked about 8 hours on September 16, 2008.[16]

### IV.  Law and Argument

**1.     The Standard for Summary Judgment**

Defendant Total Wireline Services, Inc. adopts, reiterates and incorporates herein the "The Standard for Summary Judgment" portion of the Memorandum in Support of Motion for Summary Judgment filed by STATE NATIONAL INSURANCE COMPANY pursuant to RRCP 56.

**2.     A Blueprint for Seaman Status**

Defendant Total Wireline Services, Inc. adopts, reiterates and incorporates herein the "A Blueprint for Seaman Status" portion of the Memorandum in Support of Motion for Summary Judgment filed by STATE NATIONAL INSURANCE COMPANY pursuant to RRCP 56.

**a.     Employment Related Connection**

---

[12] Id, p. 45 -46, ll 23 - 3
[13] Id, p. 45, ll 17 – 22
[14] Id., p. 47, ll 6 - 8
[15] Id., p. 47, ll
[16] Id. , p. 49, ll 5 - 6

5

Defendant Total Wireline Services, Inc. adopts, reiterates and incorporates herein the "Employment Related Connection" portion of the Memorandum in Support of Motion for Summary Judgment filed by STATE NATIONAL INSURANCE COMPANY pursuant to RRCP 56.

### b. Plaintiff Did Not Have a Substantial Employment Related Connection to a Vessel in Navigation

Plaintiff cannot pass the seaman status test since he did not have a substantial Employment Related Connection to a vessel in navigation. James Milstead worked for Total Wireline Services, Inc. on September 16, 2008 as a roustabout to do what needed to be done to clean up debris after a hurricane. Plaintiff James Milstead performed his work on land, on platforms built on pilings driven into land or the bottoms of inland bodies of shallow water, or simply incidentally on a vessel.

In *Longmire v. Sea Drilling Corp.*, 610 F. 2d 1342, (5th Cir. 1980), the Fifth Circuit determined that a floor hand on a fixed drilling platform was not a seaman even though he was injured aboard a tender anchored adjacent to the platform.

Mr. Milstead's duties on the day of his alleged accident related to his job as a roustabout hired to do clean-up work after a hurricane. He performed his work on land, on platforms built on pilings driven into land or the bottoms of inland bodies of shallow water, or simply incidentally on a vessel. He says that he was

injured when he fell trying to put a ladder onboard a liftboat. At the time the liftboat was affixed to the water bottom by spuds which held it stationary; it was functioning as a work platform. There is no evidence that the plaintiff spent a substantial amount of his time that day working on the liftboat. After all he was merely trying to put a ladder onboard. And the area around the liftboat was only one of the locations where plaintiff worked that day. Ascent, Total Wireline's customer, brought plaintiff to other work locations by small outboard powered boat.

The testimony of the plaintiff clearly indicates that he was not primarily employed by Total Wireline to work on a vessel. He cleaned up a building and performed other related tasks working for Ascent.

James Milstead, plaintiff, did not have a substantial work related connection to a vessel, or fleet of vessels, owned or controlled by his employer, Total Wireline Services, Inc. James Milstead was not a Jones Act seaman. Therefore, his seaman's Jones Act claims against defendant must be dismissed with prejudice and at his cost.

### IV. Summary

Defendant Total Wireline Services, Inc. is entitled to summary dismissal of all of plaintiff's claims against Total Wireline Services, Inc. seeking Jones Act damages on the grounds that Plaintiff is not a Jones Act seaman.

Respectfully submitted this 28th day of July, 2011.

>HARANG LAW FIRM
>11884 HWY. 308 NORTH
>P. O. DRAWER 340
>LAROSE, LOUISIANA 70373
>TELEPHONE: (985) 693-7830
>FAX NUMBER: (985) 693-3305
>EMAIL: dharang@mobiletel.com
>
>BY: */s/ Donald F. Harang, Jr.*
>DONALD F. HARANG, JR.; T.A.
>LA. BAR ROLL NUMBER: 06531
>ATTORNEY FOR TOTAL WIRELINE SERVICES, INC.

### CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing document was filed with the Clerk of Court on July 28, 2011, and is available for viewing and downloading from the CM/ECF system. Notice of Electronic Case Filing has been sent automatically to all counsel on the e-mail service list. Any counsel not included on the e-mail service list received a copy by United States Mail.

>*/s/ Donald F. Harang, Jr.*
>DONALD F. HARANG, JR.