UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MILSTEAD | CIVIL ACTION |
| VERSUS | NO. 09-6301 |
| TOTAL WIRELINE SERVICES, INC. | SECTION "F" |

ORDER & REASONS

Before the Court is the defendant State National Insurance Co.'s motion for summary judgment. For the following reasons, the motion is GRANTED.

**Background**

This case arises out of James Milstead's employment as a temporary roustabout for Total Wireline Services. Alleging that on September 16, 2008, he was injured while moving a ladder from a sunken barge to TWS's lifeboat, Milstead sued TWS and its insurer, State National Insurance Co., under the Jones Act.[1] State National disputes that Milstead is a seaman under the Jones Act, and moves for summary judgment.

**Law & Analysis**

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to

---

[1] It is unclear from the plaintiff's second amended complaint whether he raises any other claims.

1

judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). He instead must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.

Anderson, 477 U.S. at 255.

"[W]hen the undisputed material facts establish beyond question as a matter of law the lack of seaman status, summary judgment is appropriate." Reynolds v. Ingalls Shipbuilding Div., 788 F.2d 264, 267 (5th Cir. 1986).

## II.

State National asserts that Milstead is not afforded seaman status under the Jones Act because Milstead's work was performed either on an oil rig or in the shoreside yard rather than on a vessel; any actions Milstead performed on a vessel were merely incidental to his employment. Milstead, in a bare bones response, simply asserts that he "did not have a substantial employment-related connection to a vessel in navigation to which he contributed to the function of the vessel or the accomplishment of its mission." As elusive as this response might be, it nevertheless seems to be an admission.

The Jones Act extends its protections only to injured employees who are "seamen." See, e.g., Cain v. Transocean Offshore USA Inc., 518 F.3d 295, 298 (5th Cir. 2008). Seaman status under the Jones Act is determined by inquiry as to whether a plaintiff had an "employment-related connection" to a vessel. McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 354 (1991). An employment-related connection means a plaintiff's duties contributed to the function of the vessel or to the accomplishment of its mission.

Chandris v. Lastis, 515 U.S. 347, 376 (1995). Further, this employment-related connection to a vessel must have been substantial in both duration and nature. Id. Because Milstead expressly concedes that he does not meet this threshold requirement,[2] see Reynolds, 788 F.2d at 267, State National's motion is GRANTED.

IT IS ORDERED: Milstead's claims are DISMISSED.

New Orleans, Louisiana, August 4, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] And, further, Milstead fails to clearly explain any facts or cite to any case law that support his seaman status.